IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SUNDIATA BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No: 18-cv-7700 |
| | ) | |
| MAGNUM TRANSPORTATION, INC, | ) | |
| | ) | **JURY DEMANDED** |
| Defendant. | ) | |

## CIVIL COMPLAINT

NOW COMES Plaintiff, SUNDIATA BROWN, by and through one of his attorneys, Mary J. Grieb of the Shiller Preyar Law Offices, complaining of the Defendant, and in support thereof states as follows:

## NATURE OF THE ACTION

1. Plaintiff is a truck driver employed by Defendant. Plaintiff brings this action to recover unpaid wages that Defendant has unlawfully withheld since Plaintiff became an employee of Defendant in January 2016. This action is brought under the Fair Labor Standards Act 29 U.S.C. § 201, *et seq.* ("FLSA"), specifically under 29 U.S.C. § 216(b) to recover unpaid minimum wages and overtime compensation.

2. Plaintiff also brings this action under the Illinois Minimum Wage Law ("IMWL"), 802 ILCS 105/1, *et seq.* ("IMWL") and the supporting Illinois Department of Labor Regulations, 56 Ill. Admin. Code 210 *et seq.*, and (b) the Illinois Wage Payment and Collection Act, 820 ILCS 115/1 *et. seq.*, ("IWPCA") and the supporting Illinois Department of Labor Regulations, 56 Ill. Admin Code 300 *et seq.*

3. Plaintiff also brings an Illinois common law contracts claim to void a Promissory Note payable to Defendant. Brown signed the Promissory Note under duress.

1

## JURISDICTION AND VENUE

4. Subject matter jurisdiction is conferred on this Court by 28 U.S.C. § 1337 and 28 U.S.C. § 1331. This Court has supplemental jurisdiction over Plaintiff's IMWL, IWPC, and contract claims pursuant to 28 U.S.C. § 1367.

5. Venue is proper in the Northern District of Illinois pursuant to 28 U.S.C. § 1391(a). The parties reside or have their principal place of business in the Northern District and the acts and omissions complained of occurred in the Northern District.

## THE PARTIES

6. Plaintiff Sundiata Brown is an individual and a citizen of the United States domiciled in the Northern District of Illinois. Plaintiff has worked for Defendant as a truck driver from January 2016 to the present. At all times relevant to this Complaint, Plaintiff was Defendant's "employee" as that term is defined under the FLSA (29 U.S.C. § 203(e)(1)), IMWL (820 ILCS 105/3(d)), and IWPCA (820 ILCS 115/2).

7. Defendant Magnum Transportation, Inc. is an Illinois Corporation with its principal place of business at 4101 S. Morgan St., Chicago, Illinois 60609. At all times relevant to this Complaint, Defendant Magnum Transportation, Inc. was Plaintiff's "employer" as that term is defined under the FLSA (29 U.S.C. § 203(d)), IMWL (820 ILCS 105/3(c)), and IWPCA (820 ILCS 115/2).

## FACTUAL BACKGROUND

8. Defendant Magnum Transportation, Inc. is a corporation engaged in interstate commerce, specifically operating a heavy freight hauling business in and around Cook County, Illinois and cities in northwest Indiana.

9. Defendant Magnum Transportation operates a dump truck service at construction and demolition sites. Employee drivers haul away excavated material and deliver filler material to contract sites.

10. Plaintiff is a truck driver and employee of Defendant.

11. William Bonko is the President and sole officer of Magnum Transportation. Bonko manages and oversees day-to-day business operations, hires employees, and controls employees' work.

12. Defendant informs Plaintiff of each day's job via text message delivered the night before. These text messages include the time Plaintiff must report to the truck yard and the destination and requirements of the job. These text messages do not include Plaintiff's rate of pay for the job in question.

13. Further, on many work days, Plaintiff is required to punch in and then travel to a work site. On some occasions, the time expended from punch-in to the start at the first job site ("Travel Time") was not paid by Defendant.

14. Defendant does not give Plaintiff records of the hours he works or the rate of pay at which he is compensated.

15. Plaintiff's pay stubs show zeroes under "Rate" and "Hours" in the "Wages" section.

16. The only reliable record of the hours Plaintiff works are handwritten timesheets which he fills out each workday.

17. Defendant's compensation scheme is unpredictable. Sometimes Plaintiff is paid a flat rate per load (i.e. $70 for a trip to Joliet); sometimes Plaintiff receives the prevailing wage of $36.05 per hour; sometimes Plaintiff receives $20.00 per hour.

18. Defendant does not regularly inform Plaintiff how much he will earn or how his wages are calculated for any given job unless he specifically requests this information. Even upon request, Defendant does not explain how the different rates are calculated or determined.

19. Defendant pays Plaintiff overtime wages on a quarterly basis. These quarterly payments fail to include an itemized description of when the overtime was earned during the quarter or how much overtime Plaintiff worked.

20. Plaintiff regularly works in excess of forty hours per week. Defendant willfully and systematically fails to pay Plaintiff his full wages and overtime.

21. Plaintiff claims, in good faith, that Defendant has withheld $7,500.00 or more in wages and overtime since January 2016.

22. Defendant knew or should have known its failure to keep records of Plaintiff's rate of pay and hours worked violates the FLSA.

23. Defendant knew or should have known that its failure to pay Plaintiff's overtime as it is earned violates the FLSA.

24. In April 2018, the fender of the truck Plaintiff normally drives was damaged in the yard on the premises Defendant Magnum Transportation, Inc.

25. At the time of this incident, employees from Reliable Construction Services, Inc. were using a front loader to move earth and weeds on a city street. The front loader was positioned near the front of the truck Plaintiff normally drives.

26. Plaintiff sat in the cab as the trailer's dump box was lowered onto the bed of the truck. As the heavy container settled onto the bed of the truck, the truck was pushed forward into the front loader. As a result, the truck's fender was damaged.

4

27. Plaintiff is not liable for the damage to the truck. Plaintiff was neither the actual nor proximate cause of the damage to the truck.

28. Defendant is the owner of the truck Plaintiff normally drives pursuant to his employment. Defendant holds the insurance policy on the truck. Plaintiff does not drive the truck to his residence at the end of the workday.

29. On or about April 20, 2018, William Bonko threatened Plaintiff with termination if Plaintiff did not pay for the repairs to the truck.

30. On or about April 20, 2018, William Bonko prepared a typewritten Promissory Note which he ordered Plaintiff to sign.

31. The Promissory Note obligates Plaintiff to pay $1,097.31 to the order of Defendant Magnum Transportation, Inc. for "Truck #1042 fender damages parts & labor."

32. The Promissory Note states, "Payments will be deducted from my paycheck at the rate of $50 per week."

33. Plaintiff did not freely give his consent to the Promissory Note agreement. Plaintiff signed the Promissory Note under duress, having been deprived of a meaningful choice due to the threat to his livelihood.

34. Since April 20, 2018, Defendant has deducted $50.00 from Plaintiff's paychecks. These deductions are itemized on Plaintiff's pay stubs.

35. Defendant's failure to pay Plaintiff for all hours worked and Defendant's failure to pay Plaintiff premium or overtime pay for all hours worked in excess of 40 in any given workweek was intentional, willful, and deliberate, intended to avoid Defendant's obligations as an employer under applicable law.

## CLAIMS

### Violation of the Fair Labor Standards Act – Overtime Wages (Count I)

36. Plaintiff reasserts, realleges, and incorporates all previous paragraphs of the Complaint as if fully set forth herein.

37. During his employment, Plaintiff was directed to work and did work in excess of forty hours per week. On some occasions, Plaintiff did not receive overtime wages at time and a half his regular hourly wages despite working more than forty hours per week.

38. During his employment, Defendant paid Plaintiff overtime wages on a quarterly basis in violation of 29 C.F.R. § 778.106.

39. During the course of his employment, Plaintiff was not exempt from the maximum hour provisions of the FLSA, 29 U.S.C. § 207.

40. Plaintiff is entitled to recover unpaid overtime wages for up to three years prior to the filing of this lawsuit because Defendant's failure to pay overtime wages for hours worked in excess of forty hours per week was a willful violation of the FLSA.

41. Plaintiff seeks all overtime and other wages due, liquidated damages, statutory damages, prejudgment interest, reasonable attorneys' fees and costs, and any other damage due.

### Illinois Minimum Wage Law (Count II)

42. Plaintiff reasserts, realleges, and incorporates all previous paragraphs of the Complaint as if fully set forth herein.

43. Defendant failed to compensate Plaintiff at the overtime rate for all hours worked in excess of forty hours per work week in violation of IMWL, 820 ILCS 105/12(a).

44. Plaintiff seeks all overtime and other wages due, liquidated damages, statutory damages, prejudgment interest, reasonable attorneys' fees and costs, and any other damages due.

### Illinois Wage Payment and Collection Act (Count III)

45. Plaintiff reasserts, realleges, and incorporates all previous paragraphs of the Complaint as if fully set forth herein.

46. Defendant's failure to notify Plaintiff of his rate of pay violates the IWPCA, 820 ILCS 115/10.

47. Defendant's failure to keep records of Plaintiff's wages violates the IWPCA, 820 ILCS 115/10.

48. Defendant's failure to timely pay wages and wage supplements violates the IWPCA, 820 ILCS 115/14(a).

49. Further, the deductions from Plaintiff's paychecks pursuant to the Promissory Note violate the IWPCA, 820 ILCS 105/9, because Plaintiff's consent to the deductions was not freely given.

50. Plaintiff seeks the amount of unpaid wages and wage supplements and damages of 2% of the amount of any such underpayments for each month following the date of payment during which such underpayments remain unpaid. Plaintiff also seeks reasonable attorneys' fees and costs.

### Breach of Contract (Count IV)

51. Plaintiff reasserts, realleges, and incorporates all prior paragraphs of the Complaint as if fully set forth herein.

52. Plaintiff signed the Promissory Note payable to Defendant under duress and the contract is therefore voidable.

53. Plaintiff prays that this Court find the Promissory Note void, thereby terminating Plaintiff's obligation under the note.

54. Plaintiff seeks recovery of all payments made under the Promissory Note, with interest, and any other damages due.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests the following:

1. That this Court find the Defendant's violations of the FLSA were willful;
2. A declaratory judgment that the practices complained of herein are unlawful under the FLSA, IMWL, and IWPCA;
3. Restitution for all wages and overtime payments due to Plaintiff;
4. Rescission of the Promissory Note and restitution for payments made to Defendant under the note;
5. Attorney's fees and costs; and
6. Any other relief the Court deems equitable and just.

## DEMAND FOR JURY TRIAL

Respectfully submitted,

s/Mary J. Grieb
Mary J. Grieb
One of Plaintiff's Attorneys
The Shiller Preyar Law Offices
601 S. California Ave.
Chicago, Illinois 60612
312-226-4590